IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FAJARDO,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____ / | No. C 05-01186 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is Plaintiff Juan Fajardo's ("Plaintiff") motion for summary judgment and the Commissioner of Social Security's (the "Commissioner") cross-motion for summary judgment. Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion for summary judgment and DENIES the Commissioner's cross-motion for summary judgment.

**BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner denying his request for disability benefits. Plaintiff moves the Court to reverse the decision of the Commissioner and remand the case for further proceedings.

1  Plaintiff is a 50 year old man who has obtained his General Education Development (GED)
2  and three years of college. He has worked as a security guard, chauffeur, parking lot attendant, and
3  fish packer. (Certified Transcript of Record Proceedings ("Tr.") at 22.) He has not engaged in
4  gainful employment since November 15, 2000 and claims that he has been disabled since that date.
5  (*Id*. at 25.) Plaintiff filed an application for a period of disability and disability benefits on August
6  28, 2002 and an application for supplemental social security on December 6, 2002. (*Id*. at 22.)

7  Plaintiff alleges that he has multiple conditions, including injuries to his collar bones, left
8  ankle, left hip, right knee, left ribs, right wrist/thumb, left shoulder, back, and neck, and aliments
9  such as asthma, depression, and arthritis. (*Id*.)

10  An Administrative Law Judge ("ALJ") conducted a hearing on August 26, 2003. (*Id*. at 21.)
11  On August 29, 2003, the ALJ denied Plaintiff's request for a period of disability, disability insurance
12  benefits, and supplemental social security income. (*Id*. at 26.) The ALJ found that Plaintiff had
13  carpal tunnel syndrome, small fiber neuropathy, and possible depression and that these conditions
14  constituted a "severe impairment" in that they might have more than a minimal effect on Plaintiff's
15  ability to work. (*Id*. at 24.) However, the ALJ found that such impairments, either singly or in
16  combination, were not of sufficient severity to meet a listed impairment. (*Id*.) The ALJ concluded
17  that Plaintiff was not disabled because, while subject to restrictions consistent with light work, he
18  would be able to perform past relevant work. (*Id*. at 25-26.) The ALJ's decision was based in part
19  on his finding that there was a paucity of objective findings and his determination that Plaintiff's
20  statements and testimony were not credible. (*Id*. at 24-25.)

21  Plaintiff requested a review of the ALJ's decision on October 17, 2003. (*Id*. at 10-17.) The
22  Appeals Council for the Social Security Administration denied Plaintiff's request on February 11,
23  2005. (*Id*. at 6.) While awaiting the outcome of his appeal, Plaintiff underwent an MRI scan on
24  September 20, 2004. The scan indicated that Plaintiff suffered from mild degenerative disk disease
25  in his spine. (Declaration of Stephen M. Chabre, Ex. A at 19.)

26  Plaintiff brings the instant motion requesting that the Court reverse the decision of the
27  Commissioner and remand the case for further proceedings. (Mot. at 2.) Plaintiff argues that the
28  MRI scan taken on September 20, 2004 constitutes new evidence that requires additional

2

administrative review and that the ALJ failed to fully and fairly develop the record regarding his depression. (*Id*.) On August 29, 2005, the Commissioner filed a cross-motion for summary judgment. (Opp. at 1.) The Commissioner argues that the new evidence will not change the outcome of the administrative hearing and that the record was fully developed. (*Id*. at 2-4.)

## ANALYSIS

### A.  Remand for Consideration of the MRI Scan is Appropriate

Plaintiff argues that the MRI scan dated September 20, 2004 with the accompanying records from San Francisco General Hospital constitutes new evidence that justifies remand. A district court may review the Commissioner's final decision in light of new evidence submitted by the claimant to determine whether the case should be remanded for reconsideration. 42 U.S.C. § 405(g). Courts should remand for consideration of new evidence "if a claimant presents evidence that is material to determining disability, and there is a good cause for the failure to produce the evidence earlier." *Wainwright v. Sec'y of Health and Human Services*, 939 F.2d 680, 682 (9th Cir. 1991); *see also Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Plaintiff satisfies both the materiality and good cause requirements.

#### 1.  Materality

To meet the materiality requirement, the plaintiff must show that the evidence "bear[s] 'directly and substantially' on the matter in dispute" and "demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes*, 276 F.3d at 453 (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982) and *Booz v. Sec'y of Heath and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1983)).

Plaintiff claims his neck and back pain prevents him from driving and limits his ability to sit. (Tr. at 39-40, 52.) Dr. Lesko, a medical expert, testified that this pain is "subjective" and "not supported either by x-ray or by physical examination." (*Id*. at 60.) The ALJ discussed the lack of objective clinical findings and concluded that Plaintiff's allegations were not credible because they were "inconsistent with the paucity of objective clinical finding." (*Id*. at 24, 25.)

The MRI scan may substantiate Plaintiff's previous claims of neck pain and possibly provide a medical basis for his subjective claims of pain. If the ALJ had seen more objective medical

3

evidence substantiating Plaintiff's claims, he may have found Plaintiff's testimony credible and found him disabled. The fact that the MRI scan was taken after the ALJ issued his decision does not necessarily mean that the condition apparent in the MRI scan did not exist at that time. *See Wainwright*, 939 F.2d at 682-83 (remanding for consideration of MRI scan taken after the ALJ issued an opinion finding no disability). Therefore, this Court concludes that the new MRI scan is material.

### 2. Good Cause

The Commissioner does not the contest the presence of good cause. To establish good cause, Plaintiff "must demonstrate that the new evidence was unavailable earlier." *See Mayes*, 276 F.3d at 463. Plaintiff claims that he "is dependent on San Francisco County's services for indigents" and therefore "lacked medical insurance and was unable to afford the MRI" before the hearing. (Mot. at 11; Reply at 11.) The Court finds that Plaintiff sufficiently demonstrates good cause. Accordingly, the Court concludes that this matter should be remanded for consideration of the MRI scan.

## B. Remand and Order for a Psychological Evaluation is Appropriate

Plaintiff argues that a psychological evaluation should have been ordered to determine the severity of his depression. (Mot. at 2.) The ALJ has a "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). This duty is triggered by "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff claims that his depression affects his ability to concentrate. (Tr. at 58-59.) The record contains ambiguous evidence regarding the impact of his concentration difficulties. Dr. Belchick, a vocational expert, testified that if Plaintiff only has mild deficits in concentration, he could still perform some of his past relevant work. (*Id*. at 64.) He then testified that if Plaintiff has moderate deficits in concentration, he would not be able to function for eight hours a day, five days a week. (*Id*. at 65.)

The ALJ discounted the fact that Plaintiff's doctor, Dr. Chaudhary, diagnosed Plaintiff with depression and prescribed medication for this condition because Dr. Chaudhary's "records contain

4

no specific description of symptoms" and Dr. Chaudhary commented that Plaintiff was alert and appropriate during his office visits and able to follow simple instructions. (*Id*. at 24-25.) The form Dr. Chaudhary filled out only addressed concentration issues in a narrow context, during office visits, and did not address whether Plaintiff suffered from concentration issues broadly. (*Id.* at 275.) Without any description of Plaintiff's specific symptoms or any information regarding his ability to concentrate throughout an entire work day, the record regarding the extent of Plaintiff's depression is incomplete and ambiguous. When "additional evidence needed is not contained in the records of [the] medical sources," a consultative exam may be purchased. 20 C.F.R. § 404.1519a(b)(1).

The Court, therefore, concludes that this matter should be remanded to more fully develop the issue of Plaintiff's depression.

## CONCLUSION

For the forgoing reasons, the Court hereby GRANTS Plaintiff's motion for summary judgment and DENIES the Commissioner's cross-motion for summary judgment. The Court hereby reverses the decision of the ALJ and remands this matter for consideration of the new evidence and to more fully develop the record on Plaintiff's depression.

**IT IS SO ORDERED.**

Dated: March 31, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE